People of Puerto Rico, Plaintiff and Appellee, *v.* Fructuoso Fernández, Defendant and Appellant.

No. 6883. Argued February 25, 1938.—Decided March 11, 1938.

*Luis Vizcarrondo* and *Adolfo Dones* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

Fructuoso Fernández was charged with the violation of Section 18 of Act No. 75 of 1916 (Laws, p. 140) as amended by Act No. 9 of 1926 (Laws, pp. 22, 26), which reads:

"Section 18. Any person, firm, partnership or corporation who itself or through its agent, transports on heavy motor vehicles or on

commercial vehicles a load greater than that authorized hereby, shall be fined fifty (50) dollars for the first violation, one hundred (100) dollars for the second, and in case of a third violation the license to operate the vehicle shall be revoked. The license of any chauffeur operating a heavy motor vehicle or commercial automobile on the public roads, with a load greater than that authorized hereby, or at a rate of speed greater than provided in this Act, or lacking the speed regulator required by paragraph (c) Section 13 hereof, shall be suspended for one month for the first violation, six months for the second and finally revoked on a third violation. The violations of other provisions of this act shall be deemed to be misdemeanors.''

The complaint alleged that the defendant's truck had been found to be carrying 3,000 pounds, more than it was legally licensed to carry by the Department of Interior. Defendant was found guilty and fined $50 by the District Court of Guayama.

On appeal, three errors are assigned, but the defendant's brief does not discuss them, and he apparently has chosen to rely exclusively on the insufficiency of the complaint to state a public offense, which point he now raises for the first time.

Defendant's contentions, as we understand them, are: (a) that Section 10 of Act No. 75 of 1916, supra, is discriminatory in that it imposes a greater license fee per ton on vehicles carrying over three tons than on those carrying one ton or less, and (b) that nowhere in the act is there a provision penalizing the carrying of excess weight or defining such an offense.

The first ground alleged is not pertinent. We are not called upon to pass on the constitutionality of a license fee. The decision of that question would not alter the problem before us as it is entirely distinct and separable from the actual issue.

Sections 9, 10 and 18 of Act No. 75 of 1916 as amended by Act No. 9 of 1926 are the Sections which must be considered.

Paragraph *c* of Section 9, provides:

''The proportion between the tires and the weight of the loaded vehicle, in the case of heavy motor vehicles, shall be determined in the following manner: The width of the front and rear tires of any heavy motor vehicle or traction engine shall be such that the pressure for each inch of diameter and for each inch of width of tire, shall not be more than sixteen pounds.  No motor vehicle the weight of which exceeds five and one-half tons unloaded or ten tons loaded shall be allowed on the public roads, except such heavy motor vehicles as prior to the approval of this Act shall have obtained a license according to law; *Provided,* That the Commissioner of the Interior may issue special licenses to motor vehicles the weight of which exceed ten tons when loaded and does not exceed fourteen tons, to operate solely on such first-class roads as in his judgment can withstand such traffic.  In issuing said special licenses the Commissioner of the Interior shall collect the fees in accordance with section 10 of this Act.''

That part of Section 10 which is applicable, provides:

''That the Commissioner of the Interior shall collect the following fees, payable in internal revenue stamps, in connection with the operation of motor vehicles.  Such as are shown at an annual rate shall be paid in advance, except as otherwise provided, for the fiscal year or fraction thereof remaining at the date when due, and fractions of a month so remaining shall be counted as a whole month:

''. 　　.　　.　　.　　.　　.　　.　　.　　.

''For licensing of commercial vehicles of a carrying capacity of 1 ton or less, per annum $30;  for each ton or fraction thereof in addition, $15 a year, up to 3 tons capacity.  Commercial vehicles having a capacity of over 3 tons shall pay $100 a year for the first three tons, plus $50 a ton or fraction thereof in excess of three tons of weight of the vehicle and its load;  *Provided,* That the fees for commercial vehicles of over three tons capacity may be paid in two semi-annual instalment in advance.''

As we have seen, Section 18 provides ''any person, firm, etc., who itself or through its agent, transports on heavy motor vehicles or on commercial vehicles *a load greater than that authorized hereby,* shall be fined fifty (50) dollars,

etc. . . . . ." Only the interpretation of the words underlined is important. .

The defendant's truck weighed unloaded, according to the Commissioner's certificate, four tons or 8,000 pounds. It was found actually carrying four and a half more tons or 9,000 pounds, which made a total weight of eight and a half tons or seventeen thousand pounds. He had paid for a license to carry three tons, and hence was carrying one and a half tons without having paid the corresponding license fee therefor.

The question then becomes whether Section 18, *supra,* refers only to those vehicles which loaded weigh more than the amount sanctioned by Section 9, paragraph (c) or whether it was also meant to cover a case like the present one, where the defendant is well under the ten-ton limit provided for in Section 9, but is carrying some weight for which he has paid no license fee.

It is our opinion that the fines provided. for in Section 18 refer to paragraph (c) of Section 9 and not to cases like the one before us. We think that if this case had been intended to be covered, the act would have expressly said something like this: "Any person, etc. . . . who . . . . transports on heavy motor vehicles . . . . a load greater than that authorized hereby, or in excess of that for which he has paid a license fee, pursuant to Section 10 hereof, shall be fined, etc." A clause might have been added to Section 10 providing for the proper penalty in case of a violation thereof. There is enough doubt in our mind as to the application of Section 18, *supra,* to this case that we think the defendant should be given its benefit.

The judgment of the lower court should be reversed and the defendant discharged.

Mr. Justice Córdova Dávila took no part in the decision of this case.